179 N.J. Super. 53 (1981)
430 A.2d 261
COOPER MEDICAL CENTER, PLAINTIFF-RESPONDENT,
v.
EVELYN BOYD, DEFENDANT-APPELLANT. COOPER MEDICAL CENTER, PLAINTIFF-RESPONDENT,
v.
RICHARD JOYNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1980.
Decided May 5, 1981.
*54 Before Judges FRITZ, POLOW and JOELSON.
Donald Ackerman argued the cause for appellant Evelyn Boyd; Brian S. O'Malley argued the cause for appellant Richard Joyner (Camden Regional Legal Services, Inc., and Senior Citizens Advocate Center, attorneys).
Francine I. Axelrad argued the cause for respondent (Greenberg, Shmerelson, Weinroth & Etish, attorneys).
Edward Tetelman, Assistant Deputy Public Advocate, argued the cause for amicus curiae Public Advocate (Stanley C. Van Ness, Public Advocate, attorney; Steven Blader, Assistant Deputy Public Advocate, on the brief).
PER CURIAM.
These are consolidated appeals challenging a trial court determination that the violation by a hospital of certain requirements imposed by the Hill-Burton Act, first enacted as Title VI of the Public Health Service Act of 1944, 42 U.S.C.A. § 291 et seq., and *55 later substantially amended,[1] does not constitute a defense to an action by the hospital on its bill for services. The opinion of the trial judge in Joyner is reported at 165 N.J. Super. 482 (Law Div. 1979).
During the pendency of this appeal the proposition was considered by another Part of this court. In an exhaustive and scholarly opinion which overruled Joyner, Judge Pressler dealt with the subject at length. The Hospital Center at Orange v. Cook, 177 N.J. Super. 289 (App.Div. 1981). Suffice it to say that we concur with that which there appears. We, too, are persuaded for the reasons there stated that
... the failure of a Hill-Burton obligated hospital to have given required notice to a medical indigent or one who is presumptively a medical indigent ... constitutes an absolute bar to the right of the hospital to sue for its bill for services rendered to such person. [at 303.]
Certain procedural problems, not present in Cook, appear. These are not raised by counsel but require comment in order that there be no misunderstanding respecting the limited nature of our remand.
In the Joyner case a default judgment had been entered. Some ten months later defendant moved to vacate this judgment. The trial judge denied the motion on the ground that no meritorious defense had been demonstrated. He expressly observed that this determination permitted denial of the motion to vacate "without getting into whether or not there is excusable neglect, which I'm not convinced has been totally established." Further, the judge assumed, for the purposes of the motion, that
... Hill-Burton applied, that the hospital failed to comply with Hill-Burton, and that [Joyner] would have been a beneficiary of the Hill-Burton thrust.
In Boyd defendant acted as her own attorney, filed no responsive pleadings and ultimately signed a consent order for judgment. Although the issue was not raised, as we noted above, and we might therefore ignore it with impunity, State v. Plainfield-Union Water Co., 75 N.J. Super. 571, 583 (App.Div. *56 1962), aff'd 40 N.J. 280 (1963), we are not insensitive to the fact that consent orders ordinarily are not appealable. Winberry v. Salisbury, 5 N.J. 240, 255 (1950), cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). On the other hand, the appeal before us is not from that consent order, but from the refusal of the trial judge to set it aside on her motion. The determination in Boyd was on the same ground as that in Joyner: absence of a meritorious defense.
We are satisfied that the novelty of the issue, the importance of the public policy considerations and the failure of counsel to raise the procedural issues before us (very likely on account of the enormity of the first two considerations), conduce toward permitting defendants to defend the action on the substantive grounds. Accordingly, we vacate each judgment and remand for a plenary hearing respecting whether defendants came within the Hill-Burton umbrella and whether the hospital in fact transgressed respecting the requirements of the act. Defendants, who assert the bar of the statute and Cook, supra, must bear the burden of proof once a prima facie case establishing the debt has been made.
Reversed and remanded. We do not retain jurisdiction. No costs.
NOTES
[1] See The Hospital Center at Orange v. Cook, 177 N.J. Super. 289, 291-292, n. 1 (App.Div. 1981).