NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4945-17T4

NJHR5, LLC,

     Plaintiff-Respondent,

v.

ESSEX PLACE CONDOMINIUM
ASSOCIATION, INC.,

     Defendant-Appellant.

Argued June 4, 2019 – Decided June 26, 2019

Before Judges Fasciale and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2200-16.

Gary J. Zangerle argued the cause for appellant.

Adam D. Greenberg argued the cause for respondent (Honig & Greenberg, LLC, attorneys; Adam D. Greenberg, on the brief).

PER CURIAM

This appeal arises out of a complaint filed by plaintiff NJHR5, LLC, seeking to quiet title to two units (Unit A and Unit B) in a condominium complex managed by defendant Essex Place Condominium Association, Inc. (Association). The Association appeals from a Law Division order granting summary judgment in favor of plaintiff, thereby invalidating the Association's priority liens for delinquent fees filed against both units pursuant to N.J.S.A. 46:8B-21(a). For the reasons that follow, we affirm.

## I.

We commence our review with a discussion of the governing legal principles to give context to the motion judge's decision, recognizing we review a grant of summary judgment de novo, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 539-40 (1995). Summary judgment is appropriate where the record demonstrates "no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 329 (2010); Brill, 142 N.J. at 528-29. Where, as here, "there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law."

DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (internal quotation marks omitted). We therefore accord no deference to the motion judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

The Condominium Act, N.J.S.A. 46:8B-1 to -38, establishes certain rights and obligations regarding the operation of condominiums in New Jersey. A condominium association is authorized to assess and collect funds for the payment of common expenses. N.J.S.A. 46:8B-14(b). The unit owner's obligation to pay common expenses is unconditional. N.J.S.A. 46:8B-17.

The Condominium Act also authorizes an association, subject to certain limitations, to file liens on units for unpaid association expenses. N.J.S.A. 46:8B-21(a). "Such lien shall be effective from and after the time of recording in the public records of the county in which the unit is located . . . ." Ibid. A duly recorded association lien enjoys "priority over prior recorded mortgages and other liens, except for municipal liens or liens for federal taxes," subject to certain limitations set forth in the statute. N.J.S.A. 46:8B-21(b).

Relevant here, an association lien's limited priority expires sixty months "following the date of [the lien's] recording." N.J.S.A. 46:8B-21(b)(4); see also Chase Manhattan Mortg. Corp. v. Spina, 325 N.J. Super. 42, 47 (Ch. Div. 1998)

A-4945-17T4

(recognizing the statute provides a limited priority to liens that "are the result of customary condominium association assessments unpaid for a maximum of up to six months prior to the recording of the lien"), aff'd o.b., Chase Manhattan Mortg. Corp. v. Heritage Square Ass'n, 325 N.J. Super. 1 (App. Div. 1999).

Importantly, subsection (e) of the statute specifically pertains to purchasers of units "as a result of foreclosure." In those circumstances, the purchaser

> shall not be liable for the share of common expenses or other assessments by the association pertaining to such unit or chargeable to the former unit owner which became due prior to acquisition of title as a result of the foreclosure. Any remaining unpaid share of common expenses and other assessments, except assessments derived from late fees or fines, shall be deemed to be common expenses collectible from all of the remaining unit owners including such acquirer, his successors and assigns.
>
> [N.J.S.A. 46:8B-21(e).]

Finally, subsection (f) of the statute permits an association itself to foreclose on the unit by filing an action in its name unless otherwise prohibited by its bylaws or the master deed, or by suing for money damages without waiving its lien.

Applying those legal standards to the present case, we summarize the undisputed salient facts and chronology.

In April 2002, S.S.[1] borrowed funds from National City Mortgage Company (NCMC), and executed a mortgage on Unit A to secure payment of the loan. On January 5, 2011, the Association duly recorded a lien against the unit for $2231 in unpaid assessments and fees. Thereafter, NCMC assigned the mortgage to Federal Home Loan Mortgage Corporation (Freddie Mac). In March 2014, after S.S. defaulted on the loan, Freddie Mac commenced foreclosure proceedings and promptly filed a notice of lis pendens. Freddie Mac named the Association as a defendant, and properly served the entity with its foreclosure complaint.

After the Association failed to answer or otherwise contest the foreclosure action regarding Unit A, the Chancery Division entered default in July 2014. Default judgment was entered on April 27, 2015, following Freddie Mac's unopposed motion. Relevant here, the final judgment of foreclosure specifically ordered "that the foreclosure sale shall be subject to the limited priority rights

---

[1] We use initials to protect the privacy of the individual non-parties to this appeal.

of defendant, Essex Place Condominium Association, Inc., as granted by [N.J.S.A.] 46:8B-21."

In November 2005, R.P. and L.P. borrowed funds from NCMC, and executed a mortgage on Unit B to secure payment of the loan. On August 28, 2007, the Association duly recorded a lien against Unit B for $2510.08 in unpaid assessments and fees. In November 2008, after R.P. and L.P. defaulted on the loan, NCMC filed a foreclosure complaint, naming the Association as a defendant. The following month, NCMC recorded a notice of lis pendens. Thereafter, defendant filed a non-contesting answer, joining NCMC in its demand for judgment and to "fix the amount due to the Association." Notably, however, the Association did not claim an entitlement to a priority of its lien against plaintiff.

In December 2009, the Chancery Division granted NCMC's unopposed motion for final judgment of foreclosure. An amended final judgment of foreclosure was entered on March 26, 2015. Like Unit A's final judgment, Unit B's final judgment of foreclosure specifically ordered "that the foreclosure sale shall be subject to the limited priority rights of defendant, Essex Place Condominium Association, Inc., as granted by [N.J.S.A.] 46:8B-21."

In June 2016, plaintiff purchased Unit A and Unit B at sheriff's sale; renovated the units; and listed them for resale. The Association refused to release its liens against both units. Plaintiff claimed it had no obligation to satisfy the liens under the Association's governing documents and, because the liens were filed more than five years before it acquired title as a result of a mortgage foreclosure, the liens expired under N.J.S.A. 46:8B-21(b)(4). In particular, plaintiff claimed the Association's lien on Unit A expired in January 2016 and its lien on Unit B expired in August 2012.

Because the Association refused to release its liens against both units, plaintiff filed a complaint in the Law Division, alleging the Association breached its governing documents by asserting a claim for assessments that became due before plaintiff purchased the units (count one); seeking to quiet title to the units by declaring the liens expired on the first day of the sixtieth month after they were filed (count two); and asserting slander of title (count three). After the Association filed an answer, plaintiff moved for summary judgment and the Association, in turn, filed a cross-motion for summary judgment.

Following oral argument, the motion judge issued a cogent statement of reasons that accompanied a September 11, 2017 order, granting plaintiff's

motion only as to count two, and denying the Association's cross-motion in its entirety. Pertinent to this appeal, the judge determined the Association's liens expired sixty months after they were filed. After carefully reviewing the record presented by the parties and applying the controlling statutory authority, the judge elaborated:

> [T]he [L]egislature state[d] explicitly in N.J.S.A. 46:8B-21(b)(4), "the priority granted to a lien pursuant to this subsection shall expire on the first day of the [sixtieth] month following the date of recording an association's lien." The Legislature has clearly stated this priority is "limited" as stated in . . . [N.J.S.A.] 46:8B-21(b)(5)[, which] further demonstrates this intent in precluding a subsequent condominium lien's from having priority over existing mortgages. This [sixty]-month period is clearly for condominium associations to use their due diligence to take care of such liens on the property. [The Association] did not act during the [sixty]-month period and as such, the priority was destroyed on the first day of the [sixtieth] month under N.J.S.A. 46:8B-21(b)(4).
>
> Furthermore, . . . [the Association] received notice of the foreclosure proceedings and could have joined in or filed its own foreclosure proceeding and therefore, the lien is no longer on the property. [The Association] argues . . . [its] priority was vested because the commencement of foreclosure proceedings w[as] during the [sixty] months when priority existed. However, [the Association] cites no basis in law to support this argument and instead argues that if this were not the case, [the Association] would be left with no remedy. [The Association] cites N.J.S.A. 46:8B-21(b)(5) for the proposition that it is left without a

A-4945-17T4

remedy if it refiled after the first [sixty] months because it would no longer have priority. As [p]laintiff point[ed] out, [the Association] could have joined in the foreclosure action of the mortgagees to which [it] received notice or could have filed a separate action.

Six months later, the judge permitted the Association to file an amended answer and counterclaim, and a third-party complaint against individual members of plaintiff among others. Under the terms of a May 21, 2018 consent order, the Association dismissed with prejudice all of its claims, counterclaims and its third-party complaint. Plaintiff, in turn, dismissed all claims against the Association with the exception of count two of its complaint. Because the motion judge had entered summary judgment in favor of plaintiff on count two, the consent order preserved that decision for appeal.

III.

The Association now appeals, raising the following points for our consideration:

POINT I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT INVALIDATED THE SUPER PRIORITY LIEN ESTABLISHED BY N.J.S.A. 46:8B-21(b).

A. THE TRIAL COURT INCORRECTLY CONCLUDED THAT THE ASSOCIATION'S

REFUSAL TO RELEASE A LIEN WAS A BREACH OF ITS BY-LAWS.

B. THE [ASSOCIATION]'S SIX[-]MONTH LIMITED PRIORITY LIEN VESTED UPON FILING OF THE FORECLOSURE COMPLAINT.

C. THE TRIAL COURT IGNORED THE EXPRESS TERMS OF THE ORDERS FOR FINAL JUDGMENT ENTERED BY THE CHANCERY COURT IN THE UNDERLYING FORECLOSURE ACTIONS.

At the outset, we note the Association's claim of lien priority was the sole issue preserved on appeal. Accordingly, we decline to consider the argument presented in Point IA. A party cannot consent to a judgment and then appeal. See, e.g., Winberry v. Salisbury, 5 N.J. 240, 255 (1950); New Jersey Schs. Constr. Corp. v. Lopez, 412 N.J. Super. 298, 308 (App. Div. 2010); Cooper Med. Ctr. v. Boyd, 179 N.J. Super. 53, 56 (App. Div. 1981).

We have carefully considered the Association's remaining overlapping arguments in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant extended discussion in our written opinion. R. 2:11-3(e)(1)(E). Notwithstanding our de novo standard of review, we affirm substantially for the reasons expressed in the motion judge's thorough statement of reasons, finding she "correctly interpreted the law." Rochman, 430 N.J. Super. at 333. We add the following brief remarks.

A-4945-17T4

Like the trial judge, we are unpersuaded by the Association's unsupported argument that its priority "vested" when the foreclosure proceedings commenced. Nor do we find that a strict construction of the sixty-month expiration of its liens is unduly harsh because, for example, it would lose its priority if it were to refile the liens under subsection (b)(5) of the statute. At the time the lien was filed, that subsection provided:

> A lien of an association shall not be granted priority over a prior recorded mortgage or mortgages under this subsection if a prior recorded lien of the association for unpaid assessments has obtained priority over the same recorded mortgage or mortgages as provided in this subsection, for a period of [sixty] months from the date of recording of the lien granted priority.
>
> [N.J.S.A. 46:8B-21(b)(5) (1997), amended by L. 2019, c. 68, § 1.]

Put another way, where multiple association liens were filed on the same unit, a later-recorded association lien was subordinate to the prior-recorded mortgage when a prior-recorded association lien had already enjoyed limited priority over such mortgage under subsection (b)(1). Ibid.[2]

---

[2] On April 29, 2019, following briefing on appeal but prior to oral argument, the Legislature amended section (b) of the statute to provide that the "limited priority shall be cumulatively renewed on an annual basis as necessary." L. 2019, c. 68, § 1. In its statement accompanying the bill, the Legislative noted "the cumulative annual renewal of an association lien would not prevent a

Further, we agree with the motion judge that the Association failed to exercise any due diligence whatsoever to protect its liens on either unit. Indeed, from the outset of each mortgage foreclosure action, the Association failed to file: an answer to the foreclosure complaint regarding Unit A and filed a non-contesting answer regarding Unit B; a motion to pursue the foreclosure actions pursuant to Rule 4:64-4; its own action to foreclose the liens or a collection action in the Law Division against S.S. or R.P and L.P. as authorized by N.J.S.A. 46:8B-21(f).

In any event, plaintiff, which acquired the subject units as a result of mortgage foreclosure, is not liable for the Association's pre-existing lien claims attributable to the prior owners. N.J.S.A. 46:8B-21(e). As we have observed,

---

subsequent lien of the association from receiving a priority over a prior recorded mortgage." Sponsor's Statement to S. 3414 (L. 2019, c. 68). Neither party filed a supplemental brief pursuant to Rule 2:6-11(d) addressing the recent amendment. Nor did the Association contend during oral argument that the amendment applied here. We agree. See, e.g., Maeker v. Ross, 219 N.J. 565, 581 (2014) (recognizing the Legislature must clearly intend for a statute to be applied retroactively); cf. Chase Manhattan Mortg. Corp., 325 N.J. Super. at 2 (alteration in original) (observing the Legislature, in the 1996 amendments to N.J.S.A. 46:8B-21, expressly provided: "This act shall take effect on the first day of the third month next following enactment [effective April 1, 1996], and shall not apply to or affect liens perfected prior to the effective date."). No such retroactivity language accompanied the current amendment.

12

the protections of subsection (e) apply to "investor-purchasers," like plaintiff. Micheve, LLC v. Wyndham Place at Freehold Condo. Ass'n, 370 N.J. Super. 524, 530-31 (App. Div. 2004) (recognizing an investor-purchaser, which purchased the unit at a sheriff's sale was not required to pay the prior owner's outstanding maintenance fees, notwithstanding that the defendant association had duly filed a priority lien).

Lastly, the Association's argument that the Chancery Division's final judgments of foreclosure specifically preserved its liens is unavailing. Clearly, the terms of both judgments limited the Association's rights "as granted by [N.J.S.A.] 46:8B-21." As plaintiff effectively counters, the judgments effectively "incorporated the statutory effect" of the sixty-month lien expiration period. Thus, although the Chancery Division recognized the Association's limited priority liens, it did so only to the extent permitted under the statute. By the time plaintiff acquired the units in June 2016, the Association's liens had expired.

We are therefore convinced the motion judge did not commit reversible error by invalidating the Association's liens here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4945-17T4