**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2884-23

CLAIRE MEKKAWY,

    Plaintiff-Respondent,

v.

SAM SHAHAR,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

SALAH MEKKAWY and HAVEN
DEVELOPMENT, LLC,

    Third-Party Defendants-
    Respondents.

_____

Argued October 15, 2025 – Decided December 9, 2025

Before Judges Susswein, Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0855-18.

H. Jonathan Rubinstein argued the cause for appellant (The Feinsilver Law Group, PC, attorneys; David

Feinsilver and H. Jonathan Rubenstein, of counsel and on the briefs).

Matthew H. Mueller argued the cause for respondent Claire Mekkawy (Clemente Mueller, PA, attorneys; Matthew H. Mueller, on the brief).

Jenna Clemente argued the cause for respondents Salah Mekkawy and Haven Development, LLC (Hardin, Kundla, McKeon & Poletto, PA, attorneys; Patrick J. McCormick, of counsel; Jenna Clemente, on the brief).

PER CURIAM

This appeal arises from a dispute concerning payment of a promissory note (Note). Defendant Sam Shahar appeals the February 5, 2024, trial court orders granting summary judgment in favor of plaintiff Claire Mekkawy and entering judgment against him for the principal and interest owed on the Note. Defendant also appeals the trial court's order granting partial summary judgment for third-party defendants Salah Mekkawy and Haven Development, L.L.C., dismissing all counts against them except the request for contribution. After defendant's motion for reconsideration was denied, all parties entered into an agreement that was memorialized in a consent order. Considering the record in light of the governing legal principles, we conclude that defendant's appeal is procedurally barred because he settled his claims by way of the consent order

2

and did not preserve his right to appeal from the rulings made before the consent order was entered. Accordingly, we dismiss the appeal.

I.

We presume the parties are familiar with the procedural history and pertinent facts, which we need only briefly summarize. Plaintiff is married to third-party defendant Salah Mekkawy.[1] Salah and defendant operated a real estate development company, Deer Haven Development, L.L.C. (Deer Haven) and formed Haven Development, L.L.C. (Haven Development) to develop lakefront properties in Pike County, Pennsylvania.

Deer Haven purchased lakefront properties with the intent to construct and sell residential units. To finance the project, defendant and Salah obtained funds from numerous people and entities. This appeal focuses on a $400,000 loan from plaintiff's parents to defendant, Salah, and Haven Development (the Borrowers). Defendant and Salah gave "their personal guarantee[s]" as security on the Note.

The Note was dated December 13, 2007, and had a one-year maturity date, which later was extended through December 31, 2009. In 2017, the Borrowers

---

[1] Because plaintiff and Salah Mekkawy share the same last name, we refer to Salah by his first name. We mean no disrespect in doing so.

A-2884-23

acknowledged they had defaulted under the loan and entered into a "Deed in Lieu Agreement" with plaintiff's parents. The Deed in Lieu Agreement conveyed title of the previously mortgaged properties to plaintiff's parents as partial payment on the Note. The Note was thereafter assigned to plaintiff, who had power of attorney for her parents.

In May 2018, plaintiff sued defendant to enforce payment on the outstanding balance of the Note. Defendant filed a third-party action against Salah and Haven Development, alleging, among other things, breach of contract and fraud, and asserting a cause of action for indemnification and contribution.

Following discovery, on November 17, 2023, plaintiff moved for summary judgment against defendant. She requested a judgment in the amount of $995,818.04, reflecting the $300,000 balance due on the Note plus interest. On the same day, the third-party defendants also moved for summary judgment. On January 9, 2024, defendant cross-moved for partial summary judgment, requesting the court dismiss plaintiff's complaint against him as time barred or, in the alternative, find that defendant is entitled to contribution from the third-party defendants.

On February 5, 2024, the court granted summary judgment to plaintiff, granting enforcement on the Note, dismissing defendant's claims against her,

and granting her application for attorney fees. The court also granted partial summary judgment for the third-party defendants, dismissing all counts against them except defendant's claim for contribution. The court denied defendant's cross-motion for summary judgment.

On February 23, 2024, the court entered final judgment for plaintiff against defendant in the amount of $1,008,264.28, representing the remaining principal owed on the Note plus interest and costs. On February 26, 2024, defendant moved for reconsideration of those decisions. The court denied the motion on March 15, 2024.

On April 24, 2024, plaintiff, defendant, and the third-party defendants executed a consent order, resolving defendant's third-party claims for contribution and dismissing his third-party complaint with prejudice. Pursuant to this agreement, the February 23, 2024 judgment against defendant was "molded to reflect his [fifty percent] contribution," for an adjusted amount of $504,132.14. On May 2, 2024, in accordance with the consent order, the court entered an amended final judgment against defendant for $504,132.14.

This appeal follows. Defendant challenges the summary judgment rulings, the initial final judgment, the reconsideration decision, and the amended final judgment. He argues that plaintiff's complaint was time barred and

contends the court erred in deeming plaintiff a holder in due course of the Note, claiming that Salah orchestrated the assignment of the Note to defraud him. Defendant further argues that the court erred in granting summary judgment on his fraud claim because there is a genuine issue of fact as to whether the Deed in Lieu Agreement was the product of fraud. Moreover, he claims the court erred in denying his claim for indemnification.

## II.

In <u>Murray v. Comcast Corp.</u>, we held that a reviewing court has "an independent, non-delegable duty" to determine whether it has jurisdiction to decide an appeal. 457 N.J. Super. 464, 470 (App. Div. 2019). As we have noted, after defendant's reconsideration motion was denied, the parties entered into a consent order, resolving defendant's third-party claims for contribution and thus dismissing his third-party complaint with prejudice. As part of the agreement, the judgment against defendant was amended to reflect the third-party defendants' fifty percent contribution, thus reducing the final judgment amount.

On these facts, we conclude we do not have jurisdiction because the settlement agreement between all parties precludes defendant from appealing the summary judgment rulings against him. It is well-settled in this regard that, "[g]enerally, an order consented to by the attorneys for each party is not

6

appealable." O'Loughlin v. National Cmty. Bank, 338 N.J. Super. 592, 602 (App. Div. 2001) (citing Winberry v. Salisbury, 5 N.J. 240, 255 (1950)). "This is because the rule allowing an appeal as of right from a final judgment contemplates a judgment entered involuntarily against the losing party." N.J. Schs. Const. Corp. v. Lopez, 412 N.J. Super. 298, 308-09 (App. Div. 2010) (citing Cooper Med. Ctr. v. Boyd, 179 N.J. Super. 53, 56 (App. Div. 1981)).

We acknowledge "[t]here is, however, an exception to this general rule against appealability where parties to a consent judgment reserve the right to appeal an interlocutory order 'by providing that the judgment would be vacated if the interlocutory order were reversed on appeal.'" N.J. Schs. Const. Corp., 412 N.J. Super. at 309 (quoting Janicky v. Point Bay Fuel, Inc., 410 N.J. Super. 203, 207 (App. Div. 2009)). Thus, for example, in Whitfield v. Bonnano Real Estate, 419 N.J. Super. 547, 550-51 (App. Div. 2011), we considered an appeal from a summary judgment ruling notwithstanding the subsequent entry of a consent judgment because the consent judgment expressly reserved the plaintiff's right to seek review of the order denying summary judgment.

But here, so far as the record reflects, there was no such reservation. We add that the terms of the consent order expressly dismissed with prejudice defendant's entire third-party complaint. By agreeing to the dismissal with

7

prejudice without preserving his right to appeal the previously-issued court rulings, defendant has effectively waived his claims against the third-party defendants in exchange for their reducing the amount he owed plaintiff by more than $500,000.

Relatedly, the consent order expressly modified and reduced defendant's obligations to plaintiff. In sum, all parties received some benefit from the consent order: plaintiff accepted a lower judgment amount to protect her husband, defendant reduced the amount he owed plaintiff without going to trial, and the third-party defendants avoided potential liability on all the monies owed under the Note. Notably, by accepting this settlement, which required him to pay only fifty percent of the funds due on the Note, defendant waived his objection to the judgment against him, and by extension, his underlying arguments that he should not be held liable for the Note.

In these circumstances, we decline to consider defendant's substantive arguments. To do so at this juncture of the litigation would undermine the efficacy of settlement agreements. It is well established that "'[s]ettlement of litigation ranks high in our public policy.'" Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 475 (App. Div. 2009) (quoting Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961) certif. denied, 35 N.J. 61 (1961)).

Accordingly, "our courts have refused to vacate final settlements absent compelling circumstances." Ibid. We find no such circumstances here.

Appeal dismissed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2884-23