**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3791-17T2

FRANCINE DOTTER,

    Plaintiff-Appellant,

v.

GREAT ATLANTIC & PACIFIC TEA
COMPANY, A&P SUPERMARKET,
and HUSSMANN INTERNATIONAL,
INC.,

    Defendants-Respondents,

and

DDRM WEST FALLS PLAZA, LLC,

    Defendant.

Argued April 1, 2019 – Decided April 23, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5209-15.

Alan K. Albert argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Alan K. Albert, on the brief).

Walter F. Kawalec, III, argued the cause for respondent Great Atlantic & Pacific Tea Company, Inc. (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter F. Kawalec, III, and Julie B. Dorfman, on the brief).

Laura M. Faustino argued the cause for respondent Hussmann International, Inc. (Traub Lieberman Straus & Shrewsberry LLP, attorneys; Aileen F. Droughton, of counsel and on the brief; Laura M. Faustino, on the brief).

PER CURIAM

In this personal injury action, plaintiff Francine Dotter alleged she slipped and fell at an A&P Supermarket in Little Falls in September 2013. In her two-count complaint filed in the Law Division in October 2015, plaintiff asserted a negligence claim against defendant Great Atlantic & Pacific Tea Company, Inc., d/b/a A&P Supermarket (A&P), and a product defect claim against Hussman International, Inc. (Hussman).

We summarize the pertinent procedural history that forms the focal point of plaintiff's appeal.

On March 15, 2017, two months before the discovery end date, A&P filed an unopposed motion to dismiss plaintiff's complaint without prejudice for

A-3791-17T2

failure to comply with its repeated discovery demands. See R. 4:23-5(a)(1). On March 31, 2017, the trial court entered an order dismissing plaintiff's complaint without prejudice. Plaintiff did not provide the delinquent discovery nor move to reinstate the complaint.

Following expiration of the requisite sixty-day timeframe pursuant to Rule 4:23-5(a)(2), A&P moved to dismiss plaintiff's complaint with prejudice. Apparently, plaintiff did not oppose A&P's motion.[1] Rather, on the June 23, 2017 return date, plaintiff's counsel appeared in court, and acknowledged he failed to notify plaintiff that her complaint had been dismissed without prejudice, as required by the Rule. Nor had plaintiff responded to A&P's demands. In an effort "to protect [plaintiff]," the judge adjourned the motion for two weeks to permit her attorney to compl with the Rule.

Meanwhile, by court notice issued February 27, 2017, the parties were scheduled to appear at mandatory, non-binding arbitration on June 27, 2017. Plaintiff failed to attend and, as such, the trial court entered an order dismissing her complaint. See R. 4:21A-4(f). Plaintiff did not seek relief from that order. See ibid. (permitting a party who fails to appear at arbitration to seek relief by

---

[1] Plaintiff failed to provide a transcript of the June 23, 2017 hearing. We glean what transpired at that hearing from the transcript of the ensuing July 7, 2017 hearing, which was provided on appeal.

A-3791-17T2

filing a motion demonstrating good cause within twenty days of service of the order of dismissal).

Further, plaintiff failed to cure the discovery delinquencies set forth in the court's March 31, 2017 order, and failed to move to reinstate her complaint. On the July 7, 2017 adjourned return date, another attorney from the law firm hired by plaintiff appeared at the hearing and certified on the record that plaintiff "[wa]s well aware of the pending motion[,]" and the first attorney had "responded to all of the [outstanding] items." Although counsel for A&P acknowledged plaintiff had complied with some of its demands, counsel detailed on the record the numerous demands that remained outstanding.

Ultimately, the judge determined A&P "could not possibly adequately defend [itself] without the information that is being demanded and has been demanded, all within the time permitted during the period of discovery." The judge elaborated:

> And the motion to dismiss without prejudice was filed within the time permitted, . . . while discovery was still possible. That was [o]n . . . March 31, 2017[,] . . . [and] it was unopposed. Sixty days expired without any response, at all, none. The motion then was made to dismiss with prejudice. . . . [A&P] was absolutely entitled to the relief that was requested.
>
> So when . . . [plaintiff's first attorney] appeared . . . on . . . the return date of the motion to dismiss with

4

prejudice . . . [his] response was wholly insufficient. I made that clear to [him] at the time. And I specifically told him what he needed to do, as I reluctantly adjourned the motion to dismiss with prejudice in order to give him the opportunity to comply.

Until that happened, there wasn't even any pretense of complying with the discovery obligations.

Accordingly, the judge dismissed plaintiff's complaint with prejudice and entered a memorializing order on July 7, 2017.

Seven months after the trial court entered the July 7, 2017 order, plaintiff filed a motion to vacate dismissal and reinstate the complaint. Plaintiff did not request oral argument. By order entered March 16, 2018, the judge denied the motion, finding plaintiff failed to advance sufficient grounds to belatedly vacate the July 7, 2017 dismissal. This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT AGAINST A&P ON JULY 7, 2017 AS THE MATTER WAS ALREADY DISMISSED AS TO ALL PARTIES FOR NON-APPEARANCE AT ARBITRATION.

POINT II

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL AND REINSTATE THE COMPLAINT.

5

Notably, plaintiff does not appeal from the order entered on June 27, 2017, dismissing her complaint for failure to appear at arbitration. For the reasons that follow, we affirm.

We begin by observing our review of the March 16, 2018 order is impeded by plaintiff's failure to provide a complete record on appeal. In particular, plaintiff failed to include in her appendix the submissions "referred to in the decision of the court" as required by Rule 2:6-1(a)(2); see also R. 2:6-1(a)(1)(I) (the appendix must contain parts of the record "essential to the proper consideration of the issues"). When such items are not provided, we may decline to address the issues raised, Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, PC, 381 N.J. Super. 119, 127 (App. Div. 2005), or affirm the order on review, Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002).

Plaintiff provided the March 16 order, which expressly references "the moving papers, attachments thereto and opposition therefrom." Plaintiff failed, however, to provide the parties' submissions relied upon by the judge in deciding plaintiff's motion. Based on his review of those submissions, the trial judge determined plaintiff failed to set forth sufficient grounds to vacate the dismissal

6

with prejudice.  Plaintiff's failure to provide those submissions for our review precludes us from disturbing that result.

We hasten to add, however, that plaintiff's argument before us falls woefully short of the grounds necessary to vacate a judgment pursuant to Rule 4:50-1.[2] In particular, plaintiff argues she "did not file an opposition brief to the motion to dismiss with prejudice because they [sic] became aware that due to the inadvertent failure to attend arbitration, the matter has [sic] been dismissed." Because the return date for the motion to dismiss with prejudice was June 23,

---

[2] Rule 4:50-1 provides in pertinent part:

> [T]he court may relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud . . . misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

2017, plaintiff's opposition brief was due well before the June 27, 2017 arbitration date. That argument is therefore specious, at best.[3]

In sum, because plaintiff failed to comply with Rule 2:6-1(a), we dismiss her appeal as it relates to the March 16 order. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 2:8-1 (permitting the appellate court "to dismiss an appeal because of procedural and technical defects"); see also In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000) (permitting dismissal of an appeal where procedural deficiencies "make it impossible for us properly to review [a] matter").

We have considered plaintiff's contentions that the court erred in entering the July 7, 2017 order in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). Pursuant to our deferential standard of review, Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017), we affirm for the reasons expressed in the judge's cogent oral decision.

---

[3] To the extent plaintiff sought reconsideration of the July 7 order, her motion was untimely. See R. 4:49-2 (limiting the time for filing a motion for reconsideration to twenty days within service of a final order). This time limit cannot be enlarged. See Hayes v. Turnersville Chrysler Jeep, 453 N.J. Super. 309, 313 (App. Div. 2018). Clearly, plaintiff exceeded the Rule's time limitations.

A-3791-17T2

We simply note the trial judge adjourned A&P's motion to dismiss with prejudice to afford plaintiff time to comply with the strictures of Rule 4:23-5, yet plaintiff failed to cure the deficiencies or timely move to reinstate her complaint. Further, plaintiff's argument that the judge should not have considered A&P's motion on July 7, 2017, because her complaint had been dismissed following her non-appearance at arbitration is a red herring. Plaintiff failed to seek relief from the June 27, 2017 order dismissing her complaint for failure to appear at arbitration, and that order merely provided an alternate basis of relief for A&P and Hussmann.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3791-17T2