**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0858-19T3

TOYOTA MOTOR CREDIT
CORPORATION as Assignee
of GLEN MOTORS, INC.,

    Plaintiff-Respondent,

v.

GABRIEL POLANCO-GARCIA,

    Defendant-Appellant.

_____

Submitted June 1, 2020 – Decided June 19, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-8580-16.

Bastarrika, Soto, Gonzalez & Somohano, LLC, attorneys for appellant (Franklin G. Soto, on the briefs).

Rubin & Rothman, LLC, attorneys for respondent (Keith J. Golub, on the brief).

PER CURIAM

In this breach of contract action over defendant Gabriel Polanco-Garcia's alleged breach of a retail installment contract executed in connection with a car loan, he appeals from an order denying his motion for reconsideration of an order denying his Rule 4:50-1 motion to vacate the final judgment. Based on our review of the record and the applicable legal principles, we affirm.

The pertinent facts are not disputed. In October 2016, plaintiff Toyota Motor Credit Corp., as assignee of Glen Motors, Inc., filed a complaint in the Special Civil Part alleging defendant defaulted on payment of $9,103.24 due under a retail installment contract. Defendant did not respond to the complaint, and, as a result, on February 10, 2017, the court entered an ORDER ENTERING JUDGMENT BY DEFAULT against him in the amount of $9,103.24, plus costs and attorney's fees. In February 2017, the judgment was served by mail at defendant's home address.

In January 2018, plaintiff's counsel served defendant by regular and certified mail with a notice of application for wage garnishment. Plaintiff subsequently moved for a wage garnishment order, which the court entered on January 29, 2018. The court also issued a writ for wage garnishment, and plaintiff began receiving wage garnishment payments in April 2018.

A-0858-19T3

On May 10, 2018, defendant moved to vacate the default judgment. The court found defendant did not present evidence establishing excusable neglect for his failure to respond to the complaint, and defendant did not demonstrate a meritorious defense because he because did not dispute the underlying debt. The court entered a June 15, 2018 order denying defendant's motion to vacate the final judgment. Defendant did not appeal from the court's order.

In September 2019, almost fifteen months after entry of the order denying his motion to vacate the default judgment, defendant moved for reconsideration of the June 15, 2018 order. The court found defendant's motion was untimely and defendant offered no other basis permitting reconsideration of its decision denying defendant's motion to vacate the final judgment. The court entered a September 20, 2019 order denying the reconsideration motion, and this appeal followed.

Defendant appeals only from the September 20, 2019 order denying his motion for reconsideration of the court's June 15, 2018 order denying his motion to vacate the final judgment. "[O]nly the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review[.]" 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004). It is well established that where, as here, "the notice designates only the

order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(e)(1) (2019) (citing W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008)). We therefore limit our analysis to defendant's challenge to the order denying his reconsideration motion.[1]

"Motions for reconsideration are governed by [Rule] 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

---

[1] We also observe that any appeal from the June 15, 2018 order would be untimely. R. 2:4-1(a).

A-0858-19T3

"In short, a motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). It "does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion." Ibid. Thus, we will not disturb a trial judge's denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, 440 N.J. Super. at 382.

An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). We review a trial court's determinations on issues of law de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We discern no abuse of discretion in the court's denial of defendant's motion for reconsideration. Rule 4:49-2 provides that a motion for reconsideration of a judgment or order "shall be served not later than [twenty] days after service of the judgment or order." As we explained in Hayes v.

Turnersville Chrysler Jeep, Rule 1:3-4(c) prohibits the parties and the court from "enlarge[ing] the time specified by . . . [Rule] 4:49-2" for the filing of a motion for reconsideration of a judgment or order, and, as a result, a trial court does not have "legal authority to enlarge the time restrictions of Rule 4:49-2." 453 N.J. Super. 309, 313 (App. Div. 2018); see, e.g., Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 351-52 (App. Div. 2018) (finding plaintiff's motion for reconsideration, filed more than nine months after the order for which reconsideration was requested, was time-barred under Rule 4:49-2).

Here, it is undisputed that defendant was served in June 2018 with the court's June 15, 2018 order denying his motion to vacate the ORDER ENTERING JUDGMENT BY DEFAULT. He did not, however, file his Rule 4:49-2 motion for reconsideration of the order until fifteen months later. The court did not abuse its discretion by denying the reconsideration motion as untimely; the motion was filed well beyond the Rule's twenty-day deadline, and the court lacked legal authority to allow the motion's late filing. See Hayes, 453 N.J. Super. at 313.

Defendant recognizes that his reconsideration motion was filed beyond Rule 4:49-2's twenty-day deadline, and that Rule 1:3-4(c) expressly prohibits expansion of the deadline by the parties or the court. He contends, however,

there are exceptional circumstances warranting relief from enforcement of the deadline and the prohibition against enlargement of the deadline. We are not persuaded because, as noted, courts lack legal authority to enlarge the time provided for the filing of a motion under Rule 4:49-2. Hayes, 453 N.J. Super. at 313; see also R. 1:3-4(c).

We affirm the court's September 20, 2019 order because the court correctly determined defendant's motion for reconsideration was time-barred under Rule 4:49-2. Although our disposition renders it unnecessary to address defendant's claim the court also erred by denying the reconsideration motion on the merits, we also find defendant's arguments the court erred by denying the motion on the merits to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0858-19T3