**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2791-23

GREENE STREET FUNDING
TRUST II,

    Plaintiff-Respondent,

v.

203 HANSBURY LLC and
MARTIN STERN,

    Defendants-Appellants.

_____

Submitted April 29, 2025 – Decided August 20, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-008749-22.

Denbeaux & Denbeaux, attorneys for appellant (Joshua W. Denbeaux and Michael Goryelov, on the brief).

Friedman Vartolo, LLP, attorneys for respondent (Quenten Gilliam, on the brief).

PER CURIAM

Defendants Martin Stern and 203 Hansbury LLC appeal from the Chancery Division's May 10, 2024, order denying their motion to amend the final judgment of default entered in favor of plaintiff Greene Street Funding Trust II. We affirm.

I.

We glean the following facts from the record. On April 21, 2021, Stern, as the managing and sole member of 203 Hansbury, executed a promissory note for $873,750 and commercial mortgage agreement in favor of 203 Hansbury with Loan Funder LLC, Series 19777 (Loan Funder) for three properties on Hansbury Avenue in Newark. The note and mortgage established a fixed interest rate of 5.45% per annum and a default interest rate of forty-five percent per annum, a 39.55% increase. On April 21, 2021, Stern executed a commercial guarantee agreement, which "unconditionally and absolutely guarantee[d]" the prompt payment of each payment and performance of the Note. As of September 1, 2021, defendants defaulted on the note and mortgage.

Loan Funder assigned the note and mortgage to plaintiff on April 29, 2022. Thereafter, on May 9, 2022, the note and mortgage were recorded with the Essex County Register of Deeds and Mortgages. On August 22, 2022, plaintiff filed a foreclosure complaint in the Chancery Division. Defendants

were served with the complaint but failed to file a responsive pleading.  On April 27, 2023, default was entered against defendants.

Thereafter, on May 15, 2023, plaintiff moved to determine the reasonableness of the default interest rate.  The court granted the unopposed motion on June 12, 2023, finding the "default interest rate of forty-five [] percent [was] . . . reasonable pursuant to [Rule] 4:64-2(b)."  The court afforded defendants the opportunity to "object to the plaintiff's calculation of interest amounts at the time the application for [f]inal [j]udgment is filed."  However, no objection was filed by defendants.

Subsequently, on September 15, 2023, plaintiff moved for the entry of final judgment.  Defendants did not oppose plaintiff's motion.  On October 23, 2023, the court entered final judgment in favor of plaintiff in the amount of $1,741,106.96—the principal, interest, and advances—together with interest at the contract rate of forty-five percent on $934,490.83, the defaulted principal sum, which included advances from July 18, 2023, through October 23, 2023.  The next day, defendants were served with the final judgment.  A sheriff's sale was subsequently scheduled for May 14, 2024.

On April 15, 2024, defendants moved to amend the final judgment, alleging the default interest rate was unreasonable.  Defendants argued the

motion was "limited to whether or not the [thirty-nine] percent default [interest] rate increase" met the reasonableness requirements under MetLife Cap. Fin. Corp. v. Wash. Ave. Assocs. L.P., 159 N.J. 484 (1999). Plaintiff opposed the motion.

On May 10, 2024, the court denied defendants' motion. In an oral decision, the court concluded defendants' motion was procedurally improper, as it was "out of time." In addressing the merits of the motion, the court further concluded that defendants failed to establish that the default interest rate is unreasonable. Moreover, the court noted that discovery may have been permitted or address the issue of reasonableness of the default interest rate had defendants timely raised the issue in opposition to plaintiff's motion. However, no application or opposition was before the court in October 2023. A corresponding order was entered that same day.

Defendants raise two points on appeal for our consideration. Defendants first argue the forty-five percent default interest rate is unreasonable. They contend the default interest rate is an unforeseeable contract penalty, which does not reasonably forecast the probable injury resulted from the breach of the note and mortgage. Defendants further argue plaintiff had not demonstrated that the default interest rate was a reasonable assessment of potential harm.

4

II.

At the outset, defendants concede that judgment is owed to plaintiff, and the purpose of their motion was "not to vacate [the] judgment" but to "amend the judgment." Thus, the motion to amend constituted a motion for reconsideration under Rule 4:49-2. See Couri v. Gardner, 173 N.J. 328, 340 (2002) (holding that "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry.").

Motions for reconsideration, governed by Rule 4:49-2, are reviewed under an abuse of discretion standard. AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024). An abuse of discretion requires the moving party demonstrate a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted). However, we owe no special deference to the trial court's conclusions of law or the legal consequences that flow from established facts. Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414-15 (2018).

A party "seeking to alter or amend a judgment or final order" has twenty days from service of judgment to file a motion for reconsideration. R. 4:49-2. This time may not be enlarged by either the parties or the court. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 351-52 (App. Div. 2018) (quoting R. 1:3-4(c)). For a trial court to decide a "facially untimely motion for reconsideration" would be in error. Hayes v. Turnersville Chrysler Jeep, 453 N.J. Super. 309, 313 (App. Div. 2018).

Here, final judgment was entered on October 23, 2023, and served on defendants the next day. Defendants filed their motion to amend the final judgment 174 days later, on April 15, 2024, which was well beyond the twenty-day window period permitted under Rule 4:49-2. Notwithstanding defendants claim that the delayed filing was due to Stern's "personal illness," the governing law expressly provides that courts have no discretion to extend the twenty-day time frame specified in Rule 4:49-2. See R. 1:3-4(c); Easthampton Cntr., LLC v. Plan. Bd. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002).

Moreover, "[r]econsideration under Rule 4:49-2 is a matter within the sound discretion of the court and is to be exercised 'for good cause shown and in the service of the ultimate goal of substantial justice.'" Casino Reinvestment

Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (quoting Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 264 (App. Div. 1987)).

Reconsideration under Rule 4:49-2 is "not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration motions should be granted only when "(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ." Castano v. Augustine, 475 N.J. Super. 71, 78 (App. Div. 2023) (alterations in original) (quoting Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021)). "In short, a motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).

Here, defendants do not contend that the court's decision was palpably incorrect or irrational. Nor do they assert that the court failed to properly consider probative evidence. Instead, defendants now attempt to argue that the unreasonableness of the default interest rate was an unreasonable contract penalty. The court rationally explained its decision citing defendants lack of

7

opposition to plaintiff's motion to determine reasonableness and relied on governing law. Thus, defendants' notice to amend final judgment was properly denied. Accordingly, we conclude that the court did not abuse its discretion, and we find no basis to disturb the May 10, 2024 order.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division