FUENTES, P.J.A.D.
*310 On April 19, 2016, plaintiff Tashicka Hayes filed a civil complaint against defendant Turnersville Chrysler Jeep regarding her purchase of a motor vehicle. The complaint was predicated on three theories of liability: breach of contract, common law fraud, and consumer fraud in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -206. Plaintiff alleged that she traded in her car and purchased a used car from defendant. Thereafter, defendant allegedly contacted plaintiff and asked her to return to the dealership. Once there, plaintiff claims she was forced to return the used car and purchase a new, more expensive car. Plaintiff alleges she purchased the new car at a much higher *311 price, was unable to afford the payments, and the car was repossessed.
On June 21, 2016, defendant filed a motion to enforce an arbitration clause contained in the purchase agreement and dismiss plaintiff's complaint. Plaintiff opposed the motion, arguing that defendant exerted undue influence upon her to pressure her to purchase the new vehicle, and engaged in "unconscionable 'bait and switch' tactics." She also argued that defendant breached the terms of the contract related to the original used vehicle by requiring her to return it. After considering the oral argument from counsel, the trial court denied defendant's motion to enforce the arbitration clause.
Defendant did not file a direct appeal of the trial court's order denying enforcement of the arbitration agreement. Instead, defendant filed a motion for reconsideration under Rule 4:49-2 months after the court denied the original motion. The trial court considered and denied defendant's motion for reconsideration. Defendant now appeals from the denial of the motion for reconsideration.
This appeal requires us to determine whether a trial court's decision to deny a motion to enforce an arbitration agreement in a contract to purchase an automobile constitutes a final order subject to the time restraints for filing a motion for reconsideration under Rule 4:49-2. We hold that a motion seeking reconsideration of an order denying or granting a motion to enforce an arbitration agreement is not"an interlocutory order [which] may always be reconsidered, on good cause shown and in the interests of justice, prior to entry of final judgment." Akhtar v. JDN Properties at Florham Park, 439 N.J. Super. 391, 399-400, 109 A.3d 228 (App. Div.), certif. denied, 221 N.J. 566, 115 A.3d 833 (2015) (citing Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 263-64, 531 A.2d 1078 (1987) ).
*281 Pursuant to Rule 2:2-3(a)(3), "appeals may be taken to the Appellate Division as of right ... from final judgments of the Superior Court trial divisions[.]" This rule also provides, "any *312 order either compelling arbitration, whether the action is dismissed or stayed, or denying arbitration shall also be deemed a final judgment of the court for appeal purposes." R. 2:2-3(a)(3). The Supreme Court made clear in GMAC v. Pitella, 205 N.J. 572, 587, 17 A.3d 177 (2011) that "all orders compelling and denying arbitration shall be deemed final for purposes of appeal, regardless of whether such orders dispose of all issues and all parties, and the time for appeal therefrom starts from the date of the entry of that order." To dispel any lingering doubts about the need to seek timely appellate review of such an order, the Court also included the following admonition: "Because the order shall be deemed final, a timely appeal on the issue must be taken then or not at all." Id. at 586, 17 A.3d 177 (emphasis added).
Here, the record is uncontroverted with respect to the following dispositive facts. On June 21, 2016, defendant filed a motion to enforce an arbitration clause in the purchase agreement and dismiss plaintiff's complaint. Plaintiff opposed the motion, arguing that defendant exerted undue influence upon her to require the purchase of the new vehicle, and engaged in "unconscionable 'bait and switch' tactics." Plaintiff's counsel also argued that defendant breached the terms of a previous contract in which plaintiff sought to purchase a used vehicle.
The trial judge heard oral argument on defendant's motion on August 12, 2016. After considering the arguments of counsel and the written submissions, the judge entered an order denying defendant's motion that same day. Defendant did not file a direct appeal to this court to challenge the motion judge's decision. Instead, the parties engaged in settlement discussions and limited discovery.
Pursuant to Rule 4:49-2, "a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." On November 21, 2016, 101 calendar days after the trial court's August 12, 2016 order, defendant filed a motion seeking reconsideration of the trial *313 court's order denying its motion to enforce the arbitration agreement. Although the motion judge ultimately denied defendant's motion based on what she characterized as a failure by the parties to reach "a meeting of the minds" concerning the arbitration clause, the judge also made the following comments with respect to the timeliness of defendant's motion for reconsideration:
It is noted certainly from the outset that the [c]ourt made its [d]ecision, as I said, in August, and this motion was filed November 23, 2016.[1 ] So I do find that it is out of time. The Court Rule does provide-that's [Rule ] 4:49-2-requires that it be filed within 20 days. I know the argument is advanced by the [d]efendant that it was not a Final Decision. However, it was a Final Decision, certainly as to the issue of arbitration. However, I still think it is important for this [c]ourt to proceed further in the matter and make a determination based on-a legal determination on the other areas that are advanced by the [p]laintiff.
*282 Rule 1:1-2 provides, in relevant part: "Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." (emphasis added). Rule 1:3-4(c) expressly states: "Neither the parties nor the court may ... enlarge the time specified by ... Rule 4:49-2." Based on these well-established regulatory time restrictions, we hold the trial court erred in reviewing and ultimately deciding defendant's facially untimely motion for reconsideration pursuant to Rule 4:49-2.
Because the trial court's August 12, 2016 order denying defendant's motion to compel arbitration was appealable as of right, R. 2:2-3(a)(3), defendant's only legally cognizable recourse after the time to file a motion for reconsideration expired was to file a timely direct appeal to this court. GMAC, 205 N.J. at 586, 17 A.3d 177. Neither the trial court nor defendant had the legal authority to enlarge the time restrictions of Rule 4:49-2. R. 1:3-4(c). We thus affirm the trial court's decision to deny defendant's motion for reconsideration, but for reasons other than those expressed by the motion judge.
*314 N.J. Div. of Child Prot. & Permanency v. K.M., 444 N.J. Super. 325, 333-34, 133 A.3d 643 (App. Div.), certif. denied, 227 N.J. 211, 150 A.3d 403 (2016).
Affirmed.

In the interest of clarity, we note that the record shows defendant filed the motion for reconsideration on November 21, 2016.