NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1987-17T4

JAMES MURRAY,

     Plaintiff-Respondent,

v.

(1) COMCAST CORP., a
Pennsylvania corporation,
(2) GARY KOTZEN, individually
and as Senior Manager of Comcast,
(3) VICTOR KRUZ, individually
and Director of Comcast,
(4) THOMAS O'KANE, individually
and Manager of Comcast,

     Defendants-Appellants.

_____

| |
|---|
| **APPROVED FOR PUBLICATION** |
| **January 8, 2019** |
| **APPELLATE DIVISION** |

     Argued September 26, 2018 – Decided  January 8, 2019

     Before Judges Fuentes, Accurso, and Moynihan.

     On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2552-16.

     Frank A. Chernak argued the cause for appellants (Montgomery McCracken Walker & Rhoads, LLC, attorneys; Frank A. Chernak and Erin K. Clarke, on the briefs).

     Louis P. McFadden, Jr. argued the cause for respondent (McFadden Law Firm, PC, attorney for respondent; Louis P. McFadden, Jr., on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On November 17, 2016, plaintiff James Murray filed a two-count complaint against defendants Comcast Corporation,[1] Gary Kotzen, Victor Kruz,[2] and Thomas O'Kane alleging violations of (1) the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14 and (2) the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. On March 15, 2017, plaintiff filed an amended complaint adding a third count for breach of contract. On the same date, defendants filed a motion to compel arbitration and stay proceedings. By mutual consent of the parties, defendants withdrew their motion because it was filed before service of plaintiff's amended complaint. On April 21, 2017, defendants filed a second motion to compel arbitration and stay proceedings.

On June 9, 2017, the trial judge granted defendants' motion to compel arbitration and stayed the proceeding pending the outcome of the arbitration hearing. On July 20, 2017, plaintiff sent for filing a motion for reconsideration of the court's June 9, 2017 order under Rule 4:49-2. Plaintiff's motion for

---

[1] The actual name of plaintiff's employer is Comcast Cable Communications Management, LLC.

[2] This defendant's last name was misspelled by plaintiff in his complaint. The correct spelling of this defendant's last name is Cruz.

reconsideration was received by the Law Division on July 26, 2017. Plaintiff's motion for reconsideration was filed forty-seven days after the court's June 9, 2017 order compelling arbitration. The trial judge granted plaintiff's motion for reconsideration on November 16, 2017.

Defendants appeal from the November 16, 2017 order granting plaintiff's motion for reconsideration and vacating the June 9, 2017 order compelling arbitration. When this matter came before this court for oral argument, we questioned, sua sponte, whether this court had subject matter jurisdiction to review the Law Division's November 16, 2017 order pursuant to our decision in Hayes v. Turnersville Chrysler Jeep, 453 N.J. Super. 309 (App. Div. 2018).

In Hayes, we noted the Supreme Court has made clear that "all orders compelling and denying arbitration shall be deemed final for purposes of appeal, regardless of whether such orders dispose of all issues and all parties, and the time for appeal therefrom starts from the date of the entry of that order." Id. at 312 (quoting GMAC v. Pittella, 205 N.J. 572, 587 (2011)). We emphasized that "[t]o dispel any lingering doubts about the need to seek timely appellate review of such an order, the Court also included the following admonition: 'Because the order shall be deemed final, a timely appeal on the issue must be taken then or not at all.'" Hayes, 453 N.J. Super. at 312 (quoting GMAC, 205 N.J. at 586).

On October 3, 2018, plaintiff filed a post-argument motion seeking leave from this court to file a supplemental brief addressing this issue. In an order dated October 5, 2018, we granted plaintiff's motion and directed the parties to submit, within twenty days from the date of the order, supplemental briefs limited to a maximum of twenty pages, regarding the legal question: "Did the trial court have subject matter jurisdiction to decide plaintiff's motion for reconsideration filed under Rule 4:49-2 based on this court's decision in Hayes v. Turnersville Chrysler Jeep, 453 N.J. Super. 309 (App. Div. 2018)?"

On October 29, 2018, twenty-four days after our October 5, 2018 order, plaintiff filed a motion seeking "to extend [the] time to file [a] supplemental brief to November 8, 2018." We granted the motion with the proviso that "no further extension will be granted." Defendants filed a timely supplemental brief.[3] In their supplemental submission, defendants argue that pursuant to Rule 4:49-2, a party seeking reconsideration "to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or

---

[3] Plaintiff submitted an untimely "letter in lieu of a more formal memorandum" which adopted defendants' legal position. This "letter memorandum" is dated November 12, 2018, and was received by the Appellate Division Clerk's Office on November 16, 2018. Plaintiff's counsel did not provide any explanation for his dilatory behavior. Because this submission was filed beyond the November 8, 2018 deadline, we will not consider it in any manner in deciding this appeal.

order upon all parties by the party obtaining it." (Emphasis added). Here, defendants claim "[t]he parties did not receive the [o]rder from the trial court until June 30, 2017." Defendants argue that "in this case [p]laintiff Murray <u>filed</u> a motion for reconsideration on July 20, 2017, exactly 20 days after all parties received on June 30, 2017, the [o]rder granting [d]efendants/[a]ppellants' motion to compel arbitration. This motion was, therefore, timely under <u>Rule</u> 4:49-2."[4] (Emphasis added).

We agree that the twenty-day time frame in <u>Rule</u> 4:49-2 starts from the date of service of the order, not from the date of entry. However, although plaintiff's motion for reconsideration is dated July 20, 2017, the Law Division did not receive and <u>file</u> the motion papers until July 26, 2017, twenty-six days after plaintiff's counsel was served with the order compelling arbitration. We

---

[4] In a footnote in their supplemental brief, defendants observe that our Supreme Court has stated that, "[c]ourts may reconsider final judgments or orders <u>within twenty days of entry</u>." <u>Lee v. Brown</u>, 232 N.J. 114, 126 (2018) (emphasis added) (citing <u>R.</u> 4:49-2). After a careful review of the Court's decision in <u>Lee</u>, we conclude this apparent incongruity with the plain language in <u>Rule</u> 4:49-2 is based on a misapprehension of the Court's reasoning. The plaintiffs in <u>Lee</u> moved for reconsideration of an interlocutory summary judgment under <u>Rule</u> 4:49-2. <u>Ibid.</u> As Judge Pressler held "unequivocally" more than thirty years ago, "review of interlocutory orders by the court prior to final judgment is . . . a matter committed to the sound discretion of the court." <u>Johnson v. Cyklop Strapping Corp.</u>, 220 N.J. Super. 250, 263 (App. Div. 1987). This construction of <u>Rule</u> 4:49-2 is so engrained in our motion practice jurisprudence that we infer the Supreme Court believed it was not necessary to clarify it given the procedural posture of the case.

also note defendants do not claim their counsel was served with plaintiff's motion papers on July 20, 2017. Pursuant to Rule 1:6-3(c), "service of motion papers is complete only on receipt at the office of adverse counsel or the address of a pro se party. If service is by ordinary mail, receipt will be presumed on the third business day after mailing." The third business day after Thursday July 20, 2017 was Tuesday July 25, 2017. Thus, even assuming plaintiff mailed the notice of motion and supporting papers on July 20, 2017, defendants were not served within the twenty-day time frame mandated by Rule 4:49-2.

We nevertheless commend defendants' appellate counsel's forthrightness, especially since the argument he advanced favored plaintiff's position in this appeal. Defendants' appellate counsel's conduct exemplifies the type of professional candor we expect from the attorneys who practice law in our State. See R.P.C. 3.3(a)(3).

We now return to the issues before us in this appeal. In Hayes, we addressed the interplay between Rule 4:49-2 and Rule 1:3-4(c), which expressly prohibits the relaxation of the twenty-day time restriction for filing a motion for reconsideration. We noted that Rule 1:3-4(c) "expressly" prohibits "the parties" and "the court" from enlarging the time specified by Rule 4:49-2.

Hayes, 453 N.J. Super. at 313. Our Supreme Court has defined "jurisdiction" as

> the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials: (1) the court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) the proper parties must be present, and (3) the point to be decided must be, in substance and effect, within the issue.
>
> [Petersen v. Falzarano, 6 N.J. 447, 453 (1951).]

Furthermore, as noted by Justice Pashman on behalf of a unanimous Court more than forty years ago, "[t]he principle is well established that a court cannot hear a case as to which it lacks subject matter jurisdiction even though all parties thereto desire an adjudication on the merits." Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 65-66 (1978). Subject matter jurisdiction cannot be waived by the parties' failure to object, nor conferred upon the court by the parties' agreement. Ibid. Whether presiding over a case or deciding an appeal, judges have an independent, non-delegable duty to raise and determine whether the court has subject matter jurisdiction over the case whenever there is a reasonable basis to do so.[5]

---

[5] Although a party may raise "at any time" a "challenge" to the court's subject matter jurisdiction, see Lall v. Shivani, 448 N.J. Super. 38, 48 (App. Div. 2016), that general proposition does not aid plaintiff in the present context. Plaintiff's untimely motion did not attempt to "challenge" the court's

(continued)

Here, there is no question that the Law Division judge granted defendants' motion to compel arbitration on June 9, 2017. For reasons not clear, that order was not transmitted to the parties until June 30. Plaintiff's motion for reconsideration under Rule 4:49-2 was not received by the Law Division until July 26, 2017, twenty-seven days after service of the order and forty-seven days after the court entered the order compelling arbitration. The record also shows plaintiff did not serve defendants' counsel with the motion for reconsideration within the twenty-day time frame mandated by Rule 4:49-2. We thus hold the Law Division did not have subject matter jurisdiction at the time it granted plaintiff's untimely motion under Rule 4:49-2 for reconsideration of its June 9, 2017 final judgment granting defendants' motion to compel arbitration.

The trial court's November 16, 2017 order is vacated accordingly and the matter is remanded to allow the parties to proceed to arbitration.

---

(continued)
jurisdiction. Instead, he sought to the contrary: to have the court maintain jurisdiction and disallow proceedings in an arbitral forum. In making such an application, plaintiff was obligated to adhere to time limits specified in the Rules of Court.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

9