**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0045-19

ALYSSE GERBINO and
DECKERT ENTERPRISES, LLP,

      Plaintiffs-Respondents,

v.

STATE OF NEW JERSEY,

      Defendant-Respondent,

 and

THE OCEAN BEACH & BAY
CLUB,

      Defendant-Appellant.

_____

Argued February 24, 2021 – Decided March 23, 2021

Before Judges Fuentes, Rose & Firko

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000119-19.

Gregg S. Sodini argued the cause for appellant (Cutolo Barros LLC, attorneys; Gregg S. Sodini, on the brief).

Nicolas Seminoff, Deputy Attorney General, argued the cause for respondent State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raska, Assistant Attorney General, of counsel; Nicolas Seminoff, on the brief).

Brian T. Giblin, Jr. argued the cause for respondents Alysse Gerbino and Deckert Enterprises, LLP (Giblin & Gannaio, attorneys; Brian T. Giblin, Jr., on the brief).

PER CURIAM

This case concerns a claim of ownership of an accreted strip of uncultivated beach property located along the westerly side of West Bay View Drive in the Township of Toms River. The State of New Jersey asserts it has tidelands ownership of this uncultivated beach up to the former tidally-flowed mean high water line that covers most of the beach area and a part of the adjacent roadway. Plaintiffs Alysse Gerbino and Deckert Enterprises, LLP own property on either side of this disputed land and claim they have acquired title to it by adverse possession. At some point, plaintiffs placed signs on the disputed beach property that read: "Private Property-No Trespassing-Violators Will be Prosecuted."

On September 13, 2017, plaintiffs filed a one-count civil action in the Law Division against the State of New Jersey and the Ocean Beach and Bay Club (OBBC), seeking a judicial determination that they had acquired title to this

property by adverse possession. Default was entered against the State on or about November 14, 2017, but was later vacated.[1] OBBC filed a responsive pleading and the parties engaged in discovery. On February 15, 2019, OBBC filed a motion for summary judgment to dismiss plaintiffs' complaint as a matter of law based on the "indisputable fact" that the property at issue is owned by the State and consequently not subject to any private claims based on adverse possession. Plaintiffs responded to OBBC's motion and filed a cross-motion for leave to file a first amended complaint.

On April 8, 2019, the parties[2] appeared before the Law Division judge assigned to this case for a settlement conference. Although the appellate record does not include a verbatim account of what was discussed in this conference, plaintiffs and OBBC do not dispute that they entered into a settlement agreement through which the Law Division judge dismissed plaintiffs' complaint without prejudice and transferred the case to the Chancery Division, General Equity Part.

Paradoxically, notwithstanding the "settlement agreement reached two days earlier," the Law Division judge issued a formal order on April 10, 2019,

---

[1] There is no record that the State was served with process in accordance with Rule 4:4-4(a)(7).

[2] The State did not participate in this conference.

A-0045-19

in which he vacated the default entered against the State on November 14, 2017, denied OBBC's summary judgment motion, granted plaintiffs' motion to file "a first amended complaint," and transferred the matter to the Chancery Division to proceed as an "action to quiet title." The judge supported this order in a memorandum of opinion attached thereto.

Plaintiffs did not file an amended complaint in the Chancery Division, General Equity Part in accordance with the Law Division's April 10, 2019 order. Instead, on May 1, 2019, plaintiffs' counsel wrote a letter to the Law Division judge requesting a telephone conference to resolve certain objections plaintiffs had with the terms included in the form of order submitted by OBBC's counsel. On May 8, 2019, OBBC filed a motion in the Law Division to compel plaintiffs: (1) to remove the "No Trespassing" signs on the disputed property; and (2) prohibit plaintiffs from restricting access to the property to members of OBBC and/or the general public. Plaintiffs filed a cross-motion to enforce the April 8, 2019 agreement. The State did not participate in these proceedings.

In an order dated June 5, 2019, the Law Division judge noted the parties had "withdrawn" the pending motions, again transferred the case to the Chancery Division, General Equity Part, and stated the parties were "permitted to refile their motions in the Chancery [D]ivision at the discretion" of the Presiding Judge

4

of the General Equity Part. OBBC filed a motion in the General Equity Part seeking a temporary restraining order (TRO) enjoining plaintiffs from placing or erecting "No Trespassing" signs on the disputed property.

On July 26, 2019, OBBC's counsel appeared before the General Equity Part to argue the motion. As OBBC's counsel made clear, "the only relief we're seeking is to have certain signs removed on the subject property." In response, plaintiffs' counsel represented to the Equity Judge that his clients were willing to abide by the settlement agreement reached in the Law Division and refile their complaint and remove the "No Trespassing" signs pending the outcome of the quiet title action.

After considering the arguments of counsel, the Equity Judge reviewed the procedural history of the case and found it was "uncontested" that the parties agreed to dismiss the action that originated in the Law Division and "consult with the State of New Jersey to determine whether they wished to participate in the matter[.]" With respect to OBBC's motion for a TRO, the judge applied the well-settled standards adopted by the Supreme Court in Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982), and denied the motion. At the conclusion of oral argument, OBBC's counsel asked the judge the following question: "Your

Honor, just a clarification, does that end the proceedings here?" The judge responded: "That does. Unless . . . and until you file a new claim."

Based on this record, the General Equity judge entered an order that: (1) denied OBBC's motion for a TRO; (2) granted plaintiffs' cross-motion to enforce the settlement agreement that dismissed plaintiffs' cause of action in the Law Division and reserved the right to file a quiet title action in the General Equity Part; and (3) preserved the parties' rights "in the event that any party files the same, or similar action in the future[.]"

Rule 2:2-3(a)(1) provides that "appeals may be taken to the Appellate Division as of right . . . from final judgments of the Superior Court trial divisions[.]" Our Supreme Court has made clear that "[g]enerally, an order is considered final if it disposes of all issues as to all parties." Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 136 (2016). Thus, "[b]y definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (alterations in original) (quoting Black's Law Dictionary 815 (6th ed. 1990)).

A-0045-19

Here, the General Equity judge's decision only dismissed a motion for a TRO. No trial judge made a final decision resolving the underlying merits of plaintiffs' claim of ownership over public property by adverse possession or OBBC's counter argument. Furthermore, the decision of the General Equity Part does not include or affect the State, an indispensable party in this case. The State not only did not have the opportunity to participate at the trial level, the Attorney General argues that the State's title claims in tidelands cannot be lost by adverse possession. O'Neill v. State Hwy. Dep't, 50 N.J. 307, 320 (1967).

The State also argues that the Legislature has designated the Tidelands Resource Council as "the public body responsible for the stewardship of the State's riparian lands." N.J.S.A. 12:3-12.1. This argument directly questions the trial court's subject matter jurisdiction over the central issue in this case. "Whether presiding over a case or deciding an appeal, judges have an independent, non-delegable duty to raise and determine whether the court has subject matter jurisdiction over the case whenever there is a reasonable basis to do so." Murray v. Comcast Corp., 457 N.J. Super. 464, 470 (App. Div. 2019).

In this light, we dismiss this appeal as interlocutory.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0045-19