**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0880-19

MILTON BENJAMIN,

    Plaintiff-Appellant,

v.

WEGMANS FOOD
MARKETS, INC.,

    Defendant-Respondent.

_____

Submitted January 27, 2021 – Decided May 11, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0501-18.

Hark & Hark, attorneys for appellant (Michael J. Collis, on the briefs).

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent (Walter J. Klekotka and Walter F. Kawalec, III, on the brief).

PER CURIAM

Plaintiff Milton Benjamin appeals the dismissal, and the denial of reconsideration of that dismissal, of his personal injury litigation against defendant Wegmans Food Market, Inc.  We affirm.

On the forty-fifth day from the reconsideration denial, on October 28, 2019, plaintiff filed his notice of appeal and case information statement.  See R. 2:4-1.  Because the date of the order on the notice of appeal was incorrect, an amended notice of appeal was filed.  Attached to the case information statement appended to both were the two orders plaintiff seeks to challenge—the trial court's August 2, 2019 dismissal on summary judgment of plaintiff's complaint, and the September 13, 2019 denial of reconsideration.

Plaintiff's motion for reconsideration was filed August 26, 2019, seemingly more than twenty days after entry of summary judgment.  See R. 4:49-2 ("a motion for rehearing or reconsideration . . .  shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it").  By citing to the order in its responding brief, defendant questioned plaintiff's ability, for procedural reasons, to challenge either the original grant of summary judgment and extension of discovery denial, or the reconsideration decision.  In his revised appellate reply brief, plaintiff asserted he was not electronically served the dismissal order until August 6, 2019, which

A-0880-19

would bring the motion for reconsideration into the twentieth day. However, neither party argued this to the trial judge.

The procedural and factual circumstances leading to the two orders are straightforward. Plaintiff fell in a Wegmans store on July 16, 2017, and alleged the fall exacerbated his pre-existing epilepsy. Plaintiff filed suit on February 6, 2018; defendant answered March 12, 2018.

The court extended discovery a final time to April 30, 2019, requiring plaintiff to serve all expert reports by April 1, 2019. After delays he later claimed were occasioned by treatment for cancer, plaintiff submitted to a medical exam by defendant's expert on April 3, 2019. Defendant was required to serve all of its expert reports by April 15, 2019. Arbitration was conducted, in the apparent absence of any reports, on May 29, 2019.

Problems on both sides contributed to the delay in producing expert reports. The reasons for plaintiff's initial failure to do so on a timely basis are unexplained. Defendant's expert could not timely complete a report until plaintiff provided medical records.

Because defendant's expert required additional time to produce a report, once plaintiff produced the required additional information, defendant filed another motion to extend discovery due to "exceptional circumstances." That

3

motion was denied. On June 20, 2019, defendant filed the summary judgment motion.

On or about July 23, 2019, plaintiff filed a motion requesting that the discovery period be extended, attributing plaintiff's delay to his treatment for cancer. The judge, who heard the motion simultaneously with defendant's motion for summary judgment, found it procedurally defective because it was not filed prior to the April 30 discovery expiration date.

Furthermore, when the judge asked plaintiff's counsel if he had any medical reports connecting plaintiff's fall to his recurring seizures, he said his requests were still pending. The judge reasoned that since the time for discovery had ended, the matter had been arbitrated, and "two years and seven months" had elapsed since plaintiff's injury, plaintiff's motion to extend discovery had to be denied on the grounds of fundamental fairness.

In granting the motion for summary judgment, the judge observed:

> . . . counsel, I was even willing to open it up to say, perhaps - - if he shows up today with a hint, a doctor - - a doctor even saying I'm on my way to writing that opinion, but I need X, I need Y, I need Z, and, Judge, you know, this takes time or what have you, I would have given some consideration to it.
>
> But I don't have any of that. I have, Judge, give me some more time and we'll wait and see what

4

happens.  I can't do that.  That's not fair to the defense at this point.

Plaintiff's counsel asserted that it would have been "impossible to get [a report] without the information that we're waiting for."  When pressed, plaintiff's counsel added that there was no "final conclusion as to what these episodes - - as the last medical records show."  The judge observed that everything necessary for a report was now available, yet no report had been obtained.  Therefore, he granted the motion for summary judgment on the basis that "there is not evidence in the case of causation by way of competent medical testimony by which the plaintiff could present a viable case."

On August 26, 2019, plaintiff filed the motion for reconsideration.  The judge acknowledged at the September 13, 2019 oral argument receipt of a letter authored by plaintiff's expert—a "preliminary summary"—which indicated a "full report" would issue in due course.  The letter suggested plaintiff's epilepsy might have been exacerbated by the fall, in reliance on plaintiff's wife's statements.

The judge opined the letter could have been produced earlier, as the information from plaintiff's wife was available in April 2019, months before the case was dismissed.  Thus, the judge denied reconsideration, stating "there must be finality and in this case, that finality came on August 2[, 2019]."

A-0880-19

On appeal, plaintiff raises the following point:

> I.     TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING [PLAINTIFF'S] MOTION TO REOPEN DISCOVERY AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF WAS STILL TREATING.

Plaintiff contends the trial judge abused his discretion in the issuance of both orders. Before addressing the issues, both procedurally and substantively, it is necessary to reiterate some relevant precedent.

We do not consider evidence outside the trial record. See Scott v. Salerno, 297 N.J. Super. 437, 447 (App. Div. 1997) ("[A]ppellate courts will not consider evidence submitted on appeal that was not in the record before the trial court.").

Making new arguments in a reply brief is also improper. See Bouie v. N.J. Dep't of Cmty. Affs., 407 N.J. Super. 518, 525 n.1 (App. Div. 2009) ("[A] party may not advance a new argument in a reply brief.").

"A timely filed motion for reconsideration tolls the time for filing an appeal. However, an untimely motion to reconsider does not." Eastampton Center, LLC v. Planning Bd. of Tp. of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002) (citation omitted). Rule 1:3-4 forbids enlargement of time for, inter alia, motions for reconsideration subject to Rule 4:49-2. When a motion

6

for reconsideration is untimely, we may lack subject matter jurisdiction over the appeal:

> In Hayes, [this court] addressed the interplay between Rule 4:49-2 and Rule 1:3-4(c), which expressly prohibits the relaxation of the twenty-day time restriction for filing a motion for reconsideration. . . . Rule 1:3-4(c) "expressly" prohibits "the parties" and "the court" from enlarging the time specified by Rule 4:49-2 . . . We thus hold the Law Division did not have subject matter jurisdiction at the time it granted plaintiff's untimely motion under Rule 4:49-2 for reconsideration of its June 9, 2017 final judgment granting defendants' motion to compel arbitration.
>
> [Murray v. Comcast Corp., 457 N.J. Super. 464, 469-471 (App. Div. 2019).]

Pursuant to a November 15, 2017 New Jersey Supreme Court order, "the provisions of Rule 1:5-6 ('Filing') . . . shall be supplemented and relaxed . . . to provide that documents filed through an approved electronic filing system are deemed filed upon receipt into the system . . . ."

In plaintiff's appellate merits brief, he did not discuss the denial of the motion for reconsideration—he only challenged the judge's grant of summary judgment and denial of his application for an extension of discovery. In his appellate reply brief, plaintiff argues that he did not waive his right to appeal the reconsideration order, as defendant contends, because his argument is that the initial denial was improper. In his initial brief, plaintiff focused on whether

he satisfied the exceptional circumstances test for an extension of discovery. R. 4:24-1(c).

"An issue not briefed on appeal is deemed waived." Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011). Plaintiff mentioned the reconsideration order in the preliminary statement to his merits brief, in which he makes the perhaps unsupported claim that he "timely moved for [r]econsideration . . . which was ultimately denied for substantially similar reasons" as the denial of plaintiff's motion to reopen discovery. (Pb2).

Plaintiff's original and amended notice of appeal referenced both the August 2, 2019 order granting summary judgment and the September 13, 2019 order denying plaintiff's motion for reconsideration, however. (CS). "While the rule does not in terms so provide, it is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1 (2021); see also Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020).

Given this procedural morass, we reluctantly elect to briefly discuss the two orders. Appellate courts have in the past been

> mindful of the fact that in some cases a motion for
> reconsideration may implicate the substantive issues in

8

the case and the basis for the motion judge's ruling on the summary judgment and reconsideration motions may be the same. In such cases, an appeal solely from the grant of summary judgment or from the denial of reconsideration may be sufficient for an appellate review of the merits of the case, particularly where those issues are raised in the [case information statement].

[Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461 (App. Div. 2002).]

"An appellate court applies 'an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery.'" C.A. ex rel. Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005). An abuse of discretion "arises when a decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir.1985)). We assess the judge's interpretation of applicable law de novo. Barlyn v. Dow, 436 N.J. Super. 161, 170 (App. Div. 2014).

A-0880-19

In order to meet the exceptional circumstances standard permitting extension of a discovery end date after the time has elapsed, a party must show:

> 1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Rivers, 378 N.J. Super. at 79; see also R. 4:24-1(c).]

Plaintiff treated for cancer in February 2019, approximately a year after he filed his complaint. The treatment therefore does not explain the reason he could not gather the necessary medical information to present to defendant's medical expert, or did not submit to a medical exam until April 2019, or could not cooperate with the production of his own expert's report. Thus, the judge's decision not to extend the discovery period was not an abuse of discretion.

The connection between plaintiff's slip and fall and the exacerbation of his seizures is beyond the ken of the average juror, clearly requiring expert testimony. See Froom v. Perel, 377 N.J. Super. 298, 318 (App. Div. 2005) ("Expert testimony is required when the issue is beyond the 'common knowledge of lay persons.'" (quoting Kelly v. Berlin, 300 N.J. Super. 256, 265-66 (App.

A-0880-19

Div. 1997)). Plaintiff was obliged to file a timely motion to extend discovery based on his need to produce an expert report as to causation.

Plaintiff argues that the preliminary letter produced during the reconsideration argument sufficed. The argument lacks merit because the information on which it was based was available long before. Plaintiff's wife's statements, the basis for the preliminary letter, were made during a deposition taken November 30, 2018. Plaintiff underwent an ambulatory EEG in April 2019. Reconsideration was denied September 13, 2019.

"[A] litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Finance Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). The belated production of the letter was an attempt to expand the record and reargue the original motion. See ibid.

Defendant's motion for summary judgment was also properly granted. Employing the same standard as the trial court, as a matter of law, plaintiff could not prevail. Conley v. Guerrero, 228 N.J. 339, 346 (2017) ("We apply the same

11

standard as the trial court."). In the absence of a medical report and expert testimony causally connecting the fall to the seizures, plaintiff could not proceed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0880-19