**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3741-19

BRIAN E. KILLION,

     Plaintiff-Appellant,

v.

NEW JERSEY STATE PRISON
and KEVIN GRIER,

     Defendants-Respondents,

and

STEVEN JOHNSON and
ALAN RAZZOLI,

     Defendants.

_____

Submitted May 12, 2021 – Decided June 9, 2021

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket Nos. DC-003194-19 and DC-003197-19.

Brian E. Killion, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondents (Jane C. Schuster, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Brian E. Killion, an inmate of the State prison in Trenton, appeals from a January 17, 2020 order denying his motion to reconsider the October 4, 2019 order dismissing his Special Civil Part complaints with prejudice. Judge Anklowitz had granted defendant Department of Corrections' motion to dismiss plaintiff's complaints for recovery of his lost property because the court lacked jurisdiction over plaintiff's State administrative claims. In the order, the judge explained plaintiff needed to pursue his lost property claims through the DOC's inmate remedy program, N.J.A.C. 10A:1-4.1 to -4.9, and, if dissatisfied there, in an appeal to this court. See Barnes v. Sherrer, 401 N.J. Super. 172, 177 (App. Div. 2008).

Plaintiff moved for reconsideration as if within time on December 26, 2019. He did not contest the court's finding as to jurisdiction. Instead, he argued the DOC's motion was filed after default should have been entered per Rule 6:6-2, and thus was "invalid" and should not have been considered by the court. Judge Anklowitz denied the motion, finding it out of time pursuant to Rule 4:49-2, and explaining that Rule 1:3-4(c), expressly prohibits the court from relaxing

the twenty-day time period for filing a motion for reconsideration. See Murray v. Comcast Corp., 457 N.J. Super. 464, 469-70 (App. Div. 2019).

Plaintiff appeals, reprising the argument he made to the trial court that because the DOC "failed to apply for vacation of default judgments because of the respondents' failure to answer complaints," the DOC's motion to dismiss should have been barred by the court and not granted. The DOC counters that the trial court correctly determined it lacked jurisdiction to consider plaintiff's untimely motion for reconsideration. See id. at 471 (holding the trial court does not have subject matter jurisdiction to consider a motion for reconsideration of a final judgment filed outside the twenty-day period allowed by Rule 4:49-2).

The DOC further argues, with specific reference to the court's docket entries, that plaintiff is simply incorrect about when the DOC was served with his complaint and thus when it was required to respond. The DOC asserts, again with specific reference to the court's docket entries, that its motion to dismiss was timely filed. It also argues the court was correct to dismiss plaintiff's complaints on the merits as both Rule 2:2-3(a)(2) and Prado v. State, 186 N.J. 413, 422 (2006), make clear the Appellate Division has exclusive jurisdiction "to review final decisions or actions of any state administrative agency or officer."

3

Tacitly acknowledging the validity of the DOC's arguments as to the timeliness of its motion in the trial court and the court's lack of jurisdiction to hear plaintiff's untimely motion for reconsideration, plaintiff changes tack in his reply brief. He contends that as "defendants failed to finalize their decision to the claims of loss with written notice" to him pursuant to N.J.A.C. 10A:2-6.3(b) and 10A:2-6.1(f), he "had no answer on which to base an appeal" and thus his "only course of action was to file his tort claims."

We reject plaintiff's argument. The law is well settled that this court's jurisdiction extends to State agency inaction. See Twp. of Neptune v. Dep't of Envtl. Prot., 425 N.J. Super. 422, 432 (App. Div. 2012) (noting "[t]he Appellate Division's jurisdiction under [Rule 2:2-3(a)(2)] extends to State agency action and inaction"); Pressler & Verniero, Current N.J. Court Rules, cmt. 3.1 on R. 2:2-3 (2021). Plaintiff is incorrect the DOC's alleged inaction left him with no choice but to file a tort claims notice. If the DOC failed to act on plaintiff's lost property claims as he contends, his recourse was to this court. See Hosp. Ctr. at Orange v. Guhl, 331 N.J. Super. 322, 330 (App. Div. 2000) (explaining "the appropriate procedural route for a party claiming to be adversely affected by the inaction of a state administrative agency is to file a notice of appeal and motion for summary disposition").

Because it is undisputed plaintiff's motion for reconsideration was untimely and the motion dismissing his complaint well supported, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3741-19