**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1398-22

GLENN LIOU,

     Plaintiff-Appellant,

v.

RONALD LIGNELLI,

     Defendant-Respondent.

_____

> Submitted November 6, 2023 – Decided January 22, 2024
>
> Before Judges DeAlmeida and Berdote Byrne.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. SC-000808-22.
>
> Glenn Liou, appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

     Plaintiff Glenn Liou appeals from two orders of the Special Civil Part: (1) an October 26, 2022 order dismissing his complaint alleging an entitlement to

the return of two months' rent and a security deposit he paid to defendant Ronald Lignelli; and (2) a December 23, 2022 order denying his motion for reconsideration of the October 26, 2022 order. We affirm.

I.

On September 21, 2022, Liou filed a complaint in the Special Civil Part alleging that Lignelli illegally rented him a room on June 27, 2022. Liou alleged that Lignelli did "not have a permit to rent his property" from the township in which the residence is located. Liou alleged that he paid rent of $1,115 for July 2022 and $1,115 for August 2022 and a security deposit of $1,485. He sought a judgment for $3,175, which represents all of the funds he paid to Lignelli.

Liou was the only witness at trial. He testified that he and Lignelli signed a "Wi-Fi storage rental agreement," which he claimed was "a scheme" intended to appear he was renting storage space as a false cover for an illegal residential lease. He testified that the agreement was issued even though Lignelli did not have a certificate of occupancy for the premises. Liou did not offer a copy of the Wi-Fi storage rental agreement as evidence, alleging that Lignelli kept all copies of the contract after Liou signed it.

Liou testified that he paid rent to Lignelli pursuant to the agreement and in exchange lived at the property for two months. He argued that he is entitled

to the return of his rent because of the invalidity of the Wi-Fi rental storage agreement, which he argued was illegal because of the absence of a certificate of occupancy. In addition, Liou testified that he paid a security deposit to Lignelli. In support of this testimony, he relied on a June 27, 2022 check that the court found was "made out to cash" and that "doesn't say security deposit anywhere on what I'm seeing." Although the court described the June 27, 2022 check in some detail, it did not mark the check as an exhibit or admit it into the evidence.

At the conclusion of Liou's testimony, the trial court issued an oral opinion. With respect to Liou's demand for the return of the two months' rent, the court found that Liou knew the Wi-Fi rental storage agreement was illegal when he executed it, which precluded him from seeking judicial relief under the agreement. The court explained, "[i]t seems to me that if you knew that it was illegal, you entered into it illegally, and now you're seeking to void your end and get your part of the bargain back after you already benefitted by staying there, and that[] just . . . violates public policy."

As to Liou's demand for the return of his security deposit, the court found

> I don't find you credible with respect to this . . . security deposit issue, Mr. Liou, and the story just does not add up in this context.

A-1398-22

. . . .

There's no contract here that's been provided and I don't find you credible on this, sir. I'm sorry, you have to prove your case and I'm not convinced, based on the proofs you provided, that the story is credible.

. . . .

[A]nd I don't find that the check made out to cash that has nothing in the memo is for a security deposit based on your representations here which, again, I just don't find it to be credible, trying to get the benefit of the bargain then trying to get out from under on an illegal contract in this context. . . . You do have the burden of proof to demonstrate by a preponderance of the evidence and I don't find the documentary evidence to be convincing in any way by a preponderance of the credible evidence nor do I find your testimony to be so either, so I'm going to deny your application.

An October 26, 2022 order dismissed Liou's complaint.

Twenty-three days later, Liou moved for reconsideration of the October 26, 2022 order. He attached to his moving papers a copy of the Wi-Fi rental storage agreement signed by Liou but not by Lignelli. Liou stated that he obtained a copy of the agreement through a public records request for the file in the Special Civil Part action in which Lignelli sought to evict Liou from the property. He also included a document entitled "WiFi/Storage Payment Receipt" indicating that in June 2022, $1,115 in cash was paid to Lignelli for "utilities." The payee line on the receipt is blank.

4

On December 23, 2022, the trial court issued an order denying Liou's motion for reconsideration. In a written statement of reasons, the court concluded Liou: (1) filed the motion beyond the twenty-day period for seeking reconsideration of a final order established in Rule 4:49-2; (2) failed to attach a copy of the transcript of the court's opinion contrary to Rule 4:49-2; (3) did not cite with specificity controlling legal precedent overlooked by the trial court in making its decision; (4) included with the motion evidence not adduced at trial, but which he could have obtained prior to trial; and (5) failed to demonstrate an entitlement to reconsideration of the order which was based primarily on the trial court's conclusion that Liou's trial testimony lacked credibility.

This appeal followed. In support of his appeal, Liou reiterates the arguments he made in the trial court and contends Lignelli should not benefit from an illegal contract by retaining the rent and security deposit he collected from Liou. Liou acknowledges he filed his motion for reconsideration late and argues the trial court should have considered the October 26, 2022 order to be interlocutory for purposes of the timing of the motion in the interests of justice.

## II.

Our scope of review of the judge's findings in this nonjury trial is limited. We must defer to the judge's factual determinations, so long as they are

supported by substantial credible evidence in the record.  <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974).  This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial."  <u>Cannuscio v. Claridge Hotel & Casino</u>, 319 N.J. Super. 342, 347 (App. Div. 1999).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  <u>Manalapan Realty, L.P. v. Twp. Comm.</u>, 140 N.J. 366, 378 (1995).

We have carefully reviewed the record and find no basis on which to disturb the trial court's conclusion that Liou is not entitled to the return of the rent he paid to Lignelli for July and August 2022.  Liou failed to establish by a preponderance of the evidence the existence of a lease between the parties.  Although he testified that he executed a Wi-Fi rental storage agreement, he did not describe the terms of the agreement in detail or produce a copy of the document.  At best, Liou established that he paid two months of rent to Lignelli for July and August 2022 and admitted that he resided in Lignelli's property during those months.  Liou did not testify that the residence was defective or

uninhabitable, that he was precluded from enjoying the use of the space he rented, or that Lignelli violated the terms of their agreement in any way.

Liou argued only that Lignelli did not have a certificate of occupancy for the residence, which rendered the Wi-Fi rental storage agreement illegal. We see no error in the trial court's conclusion that Liou did not establish an entitlement to relief on this basis. First, Liou did not establish by a preponderance of the evidence that Lignelli lacked a certificate of occupancy for the residence. The only evidence offered in support of this contention was Liou's testimony. The trial court, however, found Liou to be lacking in credibility. In addition, even if the court were to have accepted that Lignelli was not authorized to rent the premises, no legal precedent required the court to order the return of the rent Liou paid for the time he lived at the property. While a property owner is not entitled to enforce a lease of property for which a certificate of occupancy has not been issued, Khoudary v. Salem Cty. Bd. of Soc. Servs., 260 N.J. Super. 79, 85 (App. Div. 1992), a tenant who is aware of an illegal lease but pays rents and occupies the premises subject to the illegal lease is not entitled to the return of the rent after the occupancy ceases. See McQueen v. Brown, 342 N.J. Super. 120, 128 (App. Div. 2001) (holding that, where a tenant has occupied premises for which no municipal rental permit was

7

issued, "[w]e know of no precedent that would allow a tenant to raise an illegality defense to his or her obligation to pay rent in circumstances where no evidence is presented to demonstrate that the premises were uninhabitable or, for that matter, that the premises were even defective."). A contrary result would bestow on Liou benefits – rent-free living space – for having knowingly participated in an illegal contract.

Nor do we see any error in the trial court's December 23, 2022 order denying reconsideration. We begin our analysis with the trial court's conclusion that Liou's motion was filed late. According to Rule 4:49-2, "a motion for rehearing or reconsideration seeking to alter or amend a . . . final order shall be served not later than 20 days after service of the . . . order upon all parties . . . ." As the Supreme Court explained, "[b]y definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (quoting Black's Law Dictionary 815 (6th ed. 1990)); see also Wein v. Morris, 194 N.J. 364 (2008).

The October 26, 2022 order, on the other hand, finally determines all of Liou's claims as to all parties. It is, therefore, a final order. The twenty-day

time period for filing a motion for reconsideration established in <u>Rule</u> 4:49-2 applies.

Rule 1:3-4 prohibits the court from enlarging the twenty-day period. Because of its late filing, the trial court was without jurisdiction to consider Liou's motion for reconsideration. <u>Murray v. Comcast Corp.</u>, 457 N.J. Super. 464, 469-71 (App. Div. 2019). We need not, therefore, address the several other grounds for denial of the motion, including Liou's submission with the motion of new evidence available to him at trial, his failure to produce a transcript of the trial court's opinion, and the absence of citation to any controlling legal precedent overlooked by the trial court when it issued its decision after trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1398-22