**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2674-23

U.S. BANK TRUST NATIONAL
ASSOCIATION, not in its individual
capacity but solely as trustee of
FIDELITY & GUARANTY LIFE
MORTGAGE TRUST 2018-1, a
Delaware Registered Partnership,

      Plaintiff-Respondent,

v.

132 FRANKLIN LLC and
MARTIN STERN,

      Defendants-Appellants,

and

LOAN FUNDER LLC SERIES 22267,

      Defendant.

_____

      Submitted May 13, 2025 – Decided May 27, 2025

      Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-011775-22.

Denbeaux & Denbeaux, attorneys for appellants (Joshua Denbeaux, on the briefs).

Friedman Vartolo, LLP, attorney for respondent (Quenten Gilliam, on the brief).

PER CURIAM

Defendants, 132 Franklin, LLC and Martin Stern, appeal from the Law Division's April 26, 2024 order denying reconsideration of a final judgment entered approximately eight months before the motion was filed. We affirm.

I.

We discern the salient facts from the record. On June 21, 2021, defendant 132 Franklin, LLC executed a promissory note (the Note) obligating it to repay Loan Funder, LLC, Series 22267 the sum of $345,000, along with a mortgage agreement (the Mortgage) encumbering real property located at 132 Franklin Avenue, West Orange, New Jersey. Martin Stern executed an agreement personally guaranteeing payment of the Note.

The Note and Mortgage contained acceleration clauses stating that if any installment payment of principal and interest was not received by the due date, the entire outstanding principal, together with all unpaid interest, would become

immediately due and payable.  Interest on the principal accrued at 4.775% but, upon default, the interest rate increased to 23%.

On September 12, 2021, defendants defaulted by failing to make required monthly principal and interest payments.

On April 12, 2022, the Note and Mortgage were assigned to plaintiff, U.S. Bank Trust National Association.  Because of defendants' default, plaintiff elected to accelerate the loan and demanded payment of the entire principal sum, together with all unpaid interest, at the default interest rate of 23%.  Defendants did not cure the default.

On November 2, plaintiff filed a foreclosure complaint against defendants pursuant to the Fair Foreclosure Act, N.J.S.A. 2A:50-53.  Defendant failed to respond, and default was entered on March 2, 2023.

On March 23, plaintiff filed a motion seeking a determination that the default interest rate was reasonable.  The trial court granted the motion as unopposed on May 12, issuing a written statement of reasons finding:

> [t]he default interest rate is compliant with New Jersey law, and no party has otherwise objected to the reasonableness of the default interest rate. Furthermore, defendants to this case still maintain the ability to object to [] plaintiff's calculation of interest amounts at the time the application for [f]inal [j]udgment is filed.

3

The court has not received any objection or other response to plaintiff's motion. For the foregoing reasons, plaintiff's motion to determin[e] the reasonableness of the default interest rate is granted.

Plaintiff moved for the entry of final judgment, and the trial court granted the unopposed motion on August 24, finding plaintiff was entitled to $519,940.09 based on the Mortgage and Note. The trial court also found plaintiff was entitled to possession of the mortgaged premises, which was to be sold to satisfy the sum due, and concluded defendants were debarred and foreclosed from all equity of redemption. A sheriff's sale was scheduled for April 16, 2024.

Defendants' first response to the foreclosure action was on April 10, when they filed a motion to amend the final judgment. On April 26, the trial court denied the motion at the conclusion of oral argument, finding a final judgment was entered on August 24, 2023, and, therefore, defendants' motion to amend the judgment was "significantly out of time for a motion for reconsideration." The trial court further found that, even if the motion were timely,

there [was] no basis for reconsideration as there was nothing put before the [c]ourt initially, and therefore, the application to alter or amend the judgment has no basis because . . . defendant failed to appear in the original action . . . and did nothing until the [s]heriff's sale, approximately eight months after the final judgment was entered.

A-2674-23

> The [c]ourt finds that . . . defendant has the burden of establishing that the rate is unreasonable . . . . [D]efendant failed to appear to do that when the application was made. The [c]ourt considered plaintiff's submissions and ruled and sees nothing at this time to modify that judgment or that convinces the [c]ourt that the default interest rate established by . . . plaintiff is [un]reasonable.

Defendants appeal from the April 26 order, arguing the trial court erroneously found the 23% default interest rate was valid and enforceable since the eighteen-point increase was an unconscionable contract penalty. Defendants concede the motion they filed was for reconsideration, but assert the final judgment is subject to modification at any time in the "interest of justice" pursuant to Rule 4:42-2.

We are unconvinced.

## II.

Our review is confined to the order identified in the notice of appeal: the April 26, 2024 order denying defendants' motion for reconsideration of the May 12, 2023 order. Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020) (noting the appellate court reviews "only the judgment or orders designated in the notice of appeal").

5

As a threshold issue, we address whether the trial court applied the appropriate standard in ruling on defendants' motion for reconsideration. Defendants contend the trial court improperly analyzed the motion under Rule 4:49-2, applicable to reconsideration of a final order, asserting the Rule 4:42-2 standard should have been utilized since the May 12 order was interlocutory.

We recently explained the distinction between the two discrete Rule-based standards a trial court employs in ruling on a reconsideration motion, depending on whether the order sought to be reconsidered is final or interlocutory. Lawson v. Dewar, 468 N.J. Super. 128 (App. Div. 2021). "Rule 4:49-2 applies only to motions to alter or amend final judgments and final orders, and [it] doesn't apply when an interlocutory order is challenged . . . ." Id. at 134 (emphasis omitted). A motion for Rule 4:49-2 reconsideration of a final order is considered under a more demanding standard that requires a showing "that the challenged order was the result of a 'palpably incorrect or irrational' analysis or of the judge's failure to 'consider' or 'appreciate' competent and probative evidence." Ibid. (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (1996)).

In comparison, we have concluded that reconsideration of interlocutory orders under Rule 4:42-2 has a "far more liberal approach":

> Rule 4:42-2 declares that interlocutory orders "shall be subject to revision at any time before the entry of final

6

judgment in the sound discretion of the court in the interest of justice." A motion for reconsideration does not require a showing that the challenged order was "palpably incorrect," "irrational," or based on a misapprehension or overlooking of significant material presented on the earlier application. Until entry of final judgment, only "sound discretion" and the "interest of justice" guides the trial court, as Rule 4:42-2 expressly states.

[Ibid.]

"Generally, an order is considered final if it disposes of all issues as to all parties." Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 136 (2016). "By definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (alterations in original) (quoting Black's Law Dictionary 815 (6th ed. 1990)).

We are satisfied the trial court properly applied Rule 4:49-2 to decide defendants' reconsideration motion. In this foreclosure action, plaintiff sought the amount due under the Mortgage and Note in count one and possession of the mortgaged premises in the second count. The August 24, 2023 order was final since it disposed of the entirety of the case, granting all relief sought by plaintiff

against all parties, including fixing a sum certain in damages. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384 n.8 (2010). Accordingly, after the entry of final judgment, defendants' motion for reconsideration of the May 12, 2023 order was properly considered under Rule 4:49-2. Lawson, 468 N.J. Super. at 134.

A motion for reconsideration under Rule 4:49-2 must be filed and served not later than twenty days after service of the judgment or order being considered. The time period in which to file a motion for reconsideration may not be enlarged. See R. 1:3-4(c); see also Murray v. Comcast Corp., 457 N.J. Super. 464, 471 (App. Div. 2019) (holding the trial court does not have subject matter jurisdiction to consider a motion for reconsideration of a final judgment filed outside the twenty-day period allowed by Rule 4:49-2).

Because the final judgment was served on defendants on August 29, 2023, defendants had until September 18, to move for reconsideration. However, defendants did not file their motion until April 10, 2024. Because defendants' reconsideration motion was not filed within the time prescribed under Rule 4:49-2, the trial court lacked jurisdiction to consider its merits. See Murray, 457 N.J. Super. at 471.

Our conclusion that the trial court did not err in finding the motion for reconsideration was untimely makes it unnecessary to address defendants' remaining arguments.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2674-23